UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>BONFARE MARKETS, INC. dba<br>BONFARE MARKET #43, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00605-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 21)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On October 13, 2022, Plaintiff Darren Gilbert ("Plaintiff") filed a motion for default judgment against Defendants Bonfare Markets, Inc. dba Bonfare Market #43; Sameer Abdulwahid Nagi dba Bonfare Market #43; Sanaa A. Obaid dba Bonfare Market #43; and Stop ' N ' Save, Inc. (collectively, "Defendants"). (Doc. 21.)  No opposition was filed.  The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and the hearing set for December 2, 2022, was previously vacated.  (Doc. 23.)

Having considered the moving papers and the record in this action, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED in part as herein described.

**I.      FACTUAL BACKGROUND**

On May 20, 2022, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*, California's Unruh Civil Rights Act, California Civil Code § 51, and California Health and Safety Code, alleging violations at Bonfare Market #43, located at 145 North Santa Cruz Avenue, Modesto, California 95354 (the "Facility"), which is owned, operated, and/or leased by Defendants. (Doc. 1, Compl. ¶ 7.)

Plaintiff alleges that he is substantially limited in his ability to walk, must use a wheelchair, knee scooter, or prosthetic for mobility, and is physically disabled under state and federal law. (*Id.* ¶ 8.) Plaintiff asserts that the Facility at issue presents barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. (*Id.* ¶10.) Plaintiff's complaint seeks damages, attorneys' fees and costs, declaratory relief and injunctive relief. (*Id.* ¶ 2.)

On June 10, 2022, Plaintiff served Defendant Stop ' N ' Save, Inc. by leaving a copy of the summons and complaint with Myra Valica, a receptionist and person apparently in charge of the office at 691 S. Milpitas Blvd, Suite #208 Milpitas, CA 95035. (Doc. 5 at 2.) On June 15, 2022, copies of the summons, complaint, and relevant case documents were subsequently mailed to Defendant Stop ' N ' Save, Inc. at 691 S. Milpitas Blvd, Suite #208 Milpitas, CA 95035 via First Class postage. (Doc. 5 at 3.) Defendant Sanaa A. Obaid was personally served with the summons and complaint on June 12, 2022. (Doc. 6 at 2.) On June 12, 2022, Plaintiff served Defendant Sameer Abdulwahid Nagi dba Bonfare Market #43 by leaving a copy of the summons and complaint with his wife, who was at least 18 years of age, at his household. (Doc. 12 at 2.) On July 13, 2022, copies of the summons, complaint, and relevant case documents were subsequently mailed to Defendant Sameer Abdulwahid Nagi via First Class postage. (*Id.* at 3.) On August 1, 2022, Plaintiff served Bonfare Markets, Inc. dba Bonfare Market #43 by leaving a copy of the summons and complaint with a person in charge of the Facility. (Doc. 14 at 2.) On August 2, 2022, copies of the summons, complaint, and relevant case documents were subsequently mailed to Defendant Bonfare Markets, Inc. via First Class postage. (Doc. 14 at 3.)

Defendants did not respond to the complaint. The Clerk of the Court entered default as to

Defendant Sanaa A. Obaid on July 15, 2022. (Doc. 8.) The Clerk of the Court entered default as to Defendant Stop ' N ' Save, Inc. on July 22, 2022. (Doc. 10.) The Clerk of the Court entered default as to Defendant Sameer Abdulwahid Nagi on August 18, 2022. (Doc. 17.) The Clerk of the Court entered default as to Defendant Bonfare Markets, Inc. on September 7, 2022. (Doc. 19.) Plaintiff filed the instant motion against Defendants on October 13, 2022, seeking default judgment in the total sum of $7,537.24 for statutory damages and attorneys' fees and costs, along with injunctive and declaratory relief. (Doc. 21-1.) Plaintiff served Defendants with a copy of the motion by mail. (Doc. 21-7.)

On December 5, 2022, the Court issued a minute order requesting supplemental briefing on whether Defendant Bonfare Markets, Inc. dba Bonfare Market #43 was properly served. (Doc 24.) On December 23, 2022, Plaintiff filed a Supplemental Brief in support of his Motion for Default Judgment. (Doc. 26.) The same day, Plaintiff also filed a Notice of Voluntary Dismissal without prejudice as to Defendant Bonfare Markets, Inc. dba Bonfare Market #43 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 25.)

On December 27, 2022, the Court issued an Order to Show Cause why the Court should not decline to exercise of Supplemental Jurisdiction over Plaintiff's Unruh Act Claim. (Doc. 27.) Plaintiff filed a response to the Order to Show Cause on January 13, 2023. (Doc. 28.) On February 7, 2023, the Court issued its Findings and Recommendations Declining Supplemental Jurisdiction and Dismissing State Law Claims Without Prejudice. (Doc. 29.) On February 7, 2023, the Court entered an Order Adopting the Findings and Recommendations Declining Supplemental Jurisdiction of State Law Claims. (Doc. 30.) In that Order, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and Plaintiff's Cal. Health & Safety Code § 19955 and § 19959 claims, and dismissed those claims without prejudice. (Doc. 30 at 2.)

## II.     LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint

3

relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

**III.   DISCUSSION**

**A.   Dismissal of Defendant Bonfare Markets, Inc. dba Bonfare Market #43**

Plaintiff's Motion for Default Judgment sought judgment against Defendant Bonfare Markets, Inc. However, after filing the Motion for Default Judgment, Plaintiff filed a notice of voluntary dismissal without prejudice as to Defendant Bonfare Markets, Inc. dba Bonfare Market #43 pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (Doc. 25.) In light of the voluntary dismissal, Defendant Bonfare Markets, Inc. dba Bonfare Market #43 was dismissed from this action by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

The Court will now address the Motion for Default Judgment as to the remaining three Defendants: Sameer Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc.

**B.   Service of Process**

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388 at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436 at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v.*

4

*Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

<u>Individual Defendants Sameer Abdulwahid Nagi and Sanaa A. Obaid</u>

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. An individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

According to the proofs of service on file, Defendant Sameer Abdulwahid Nagi was served by leaving a copy of the summons and complaint with his wife, who was at least 18 years of age, at his household. (Doc. 11 at 2.) A copy of the summons and complaint was subsequently mailed to Defendant Sameer Abdulwahid Nagi. (Doc. 11 at 3.) Defendant Sanaa A. Obaid was personally served with the summons and complaint. (Doc. 6 at 2.) The Court therefore finds that Plaintiff properly served Defendants Sameer Abdulwahid Nagi and Sanaa A. Obaid pursuant to Federal Rule of Civil Procedure 4(e)(2).

<u>Entity Defendant Stop ' N ' Save, Inc..</u>

Rule 4 also sets forth the requirements for serving a corporation, partnership, or association within a judicial district of the United States. Pursuant to Rule 4(h), a domestic corporation, or a partnership or other unincorporated association that is subject to suit under a common name, may be served by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or agent and by mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1). Under California law, a summons may be

5

served by personal service "to the person designated as agent for service of process as provided by ... the Corporations Code." Cal. Civ. Proc. § 416.10(a).  California law also permits service "by leaving a copy of the summons and complaint during usual office hours" at the agent's office "and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. § 415.20.

According to the California Secretary of State, Stop ' N ' Save, Inc. designated Jagjeet S. Kapoor, 691 S. Milpitas Blvd, Suite #208 Milpitas, CA 95035, as its registered agent for service of process. (*See* Doc. 21-3, Ex. F to Declaration of Tanya E. Moore ("Moore Decl."))  On June 10, 2022, copies of the summons, complaint, and related case documents were served on Myra Valica, a receptionist and person apparently in charge of the office at 691 S. Milpitas Blvd, Suite #208 Milpitas, CA 95035.  (Doc. 5 at 2.)  On June 15, 2022, copies of the summons, complaint, and related case documents were mailed via prepaid First Class postage to: Stop ' N ' Save, Inc. Jagjeet S Kapoor 691 S. Milpitas Blvd, Suite 208 Milpitas, CA 95035.  (Doc. 5 at 3.)  The Court therefore finds that Plaintiff properly served Defendant Stop ' N ' Save, Inc. pursuant to Rule 4(h).

### C. The *Eitel* Factors Weigh in Favor of Default Judgment

The Court finds consideration of the *Eitel* factors weigh in favor of granting default judgment in favor of Plaintiff as to Defendants Sameer Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc.

#### 1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment were not entered. *See PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant.  *Id.; Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).   Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted.   This factor weighs in favor of default judgment.

#### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

6

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

In the motion for default judgment, Plaintiff appears to have abandoned his California Health and Safety Code claim. (*See generally* Doc. 21-1.) Moreover, Plaintiff's Unruh Act and Cal. Health & Safety Code § 19955 and § 19959 claims were dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4). (Doc. 30.) The Court therefore limits its discussion to Plaintiff's claims arising under the ADA.

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000) (emphasis in original).

A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he is substantially limited in his ability to walk and must use a wheelchair, knee scooter, or prosthetic for mobility and that he therefore is disabled as defined by applicable law. (Doc. 1, Compl. ¶ 8.) Plaintiff also alleges that the Facility is a public accommodation and open to the public. (Compl. ¶ 9.) Plaintiff further alleges that Defendants own, operate and/or lease the Facility and the architectural barriers identified are easily removed without much difficulty or expense. (*Id.* ¶¶ 7, 21.)

Plaintiff further contends that he lives less than ten miles from the Facility and visited the Facility on December 18, 2021, to buy cigarettes. (*Id.* ¶ 10). Plaintiff asserts that the sole designated accessible parking in the Facility's parking lot was not van accessible and had the access aisle on the driver side. (*Id.* ¶ 10(a).) Additionally, Plaintiff alleges that the lack of an access aisle on the passenger side will make it difficult for him to return to the Facility in his wheelchair. (*Id.*) Plaintiff further asserts that the route to the Facility entrance was excessively sloped, uneven, and had broken asphalt, which made it difficult for Plaintiff to walk on his prosthetic leg. (*Id.* ¶10(b).) Plaintiff asserts that he was denied full and equal enjoyment and use of the goods, services, facilities, privileges and accommodations of the Facility. (*Id.* ¶ 18.) These allegations are taken as true due to Defendants' default, and Plaintiff has met his burden of stating a *prima facie* claim for discrimination under Title III. Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks actual attorneys' fees and costs incurred in the amount of $3,537.24.[1]

---

[1] In his Motion for Default Judgment, Plaintiff also sought a single statutory minimum penalty assessment of $4,000.00 pursuant to the Unruh Act. (Doc. 21-1 at 6.) However, Plaintiff's

8

The amount of money at stake is relatively small and it does not seem unreasonable in light of the allegations contained in the complaint. Accordingly, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Following the Clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Further, Defendants' failure to file an answer in this case or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendants' default resulted from excusable neglect. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. As discussed above, Defendants were properly served with the complaint and the motion for default judgment, which included notification of the Clerk's entry of default. (*See* Docs. 5, 6, 7-2, 9-2, 11, 16-2, 21-7.) Despite service, Defendants have not appeared. Thus, the record suggests that Defendants have chosen not to participate in this action, and not that the default resulted from any excusable neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

---

Unruh Act claim was dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4). (Doc. 30.)

9

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendants have not responded. Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

### D. Remedies

#### 1. Injunctive Relief

Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint. In particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendants Sameer Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc., to provide a properly configured van-accessible parking stall with an adjacent access aisle and provide a properly configured accessible route of travel from the designated accessible parking stall to the Facility entrance.

#### 2. Statutory Damages

Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by California law. (Doc. 21-1 at 6.) The Unruh Act provides for minimum statutory damages of $4,000 for each violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005). As Plaintiff's Unruh Act claim was dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(4), Plaintiff is not entitled to statutory damages of $4,000.000. (Doc. 30.)

#### 3. Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs.  The ADA authorizes the award of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205.  Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018).  The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Plaintiff's counsel seeks an award of $2,305.00 in attorney fees, plus $1,232.24 in litigation costs. (Doc. 21-1 at 7.)  Specifically, Plaintiff requests: (1) $1,500.00 for 5 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300; (2) $310.50 for 2.7 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $494.50 for 4.3 hours of work expended by paralegal Isaac Medrano at an hourly rate of $115.00.  (*Id.*)

Hourly Rates

As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano.  (*Id.*)  Courts in this district have found these rates reasonable for the services of attorney Moore and for the services of her paralegals. *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017); *accord e.g.*, *Trujillo v. GH Food Mart, Inc*., No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017).  The Court therefore finds the requested hourly rates to be reasonable for Ms. Moore and her paralegals.

Attorney Time Expended by Ms. Moore

Plaintiff seeks recovery for 5 hours of work performed by Ms. Moore at $300.00 per hour. (Doc. 21-1 at 7.)  When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 5 hours billed by Ms. Moore is reasonable.  The Court will recommend awarding Ms. Moore $1,500.00 for 5 hours of work to litigate this case.

<u>Paralegal Time Expended by Ms. Law and Mr. Medrano</u>

Plaintiff seeks compensation for 2.7 hours expended by paralegal Whitney Law at $115.00 per hour, and 4.3 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc. 27-1 at 7.) For the reasons below, the Court will reduce the number of hours expended by Mr. Medrano on the Motion for Default Judgment. On July 13, 2022, Mr. Medrano billed 1.3 hours preparing the motion for default judgment and the supporting documents. (Doc. 21-3, Ex. A to Moore Decl. at 3.) However, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. Accordingly, the Court finds that one hour of Mr. Medrano's time is sufficient to prepare the motion. *Trujillo v. La Valley Foods, Inc.*, 2017 WL 2992453 at *7. The Court will therefore deduct 0.3 hours from Mr. Medrano's time.

Based on the above, the Court will recommend Plaintiff be awarded 6.7 hours of paralegal time comprised of 2.7 hours for Ms. Law ($115.00 hourly rate) and 4.0 hours for Mr. Medrano ($115.00 hourly rate) for a total of $770.50.

### 4. Litigation Expenses and Costs

Plaintiff requests to recover litigation expenses and costs of $1,232.24. (Doc. 21-1 at 7.) Under the ADA, a district court, in its discretion, can allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The costs here include the court filing fee, costs of service, and fees for a pre-filing investigation, which are compensable. *See Trujillo v. La Valley Foods, Inc*., 2017 WL 2992453, at *7 (finding costs for court filing fee, costs of service, and fee for a pre-filing site inspection of the facility compensable); (Doc. 21-2, Moore Decl. ¶¶ 12-14; Doc. 21-3, Ex. B to Moore Decl. at 7-12, Ex. C to Moore Decl. at 14; Ex. D to Moore Decl. at 16) Accordingly, the Court recommends that plaintiff be awarded the sum of $1,232.24 for litigation expenses and costs.

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's motion for default judgment be GRANTED IN PART as to Defendants

12

|    |    |    |
|----|----|----|
| 1  |    | Sameer Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc. and DENIED |
| 2  |    | without prejudice as to Defendant Bonfare Markets, Inc. following voluntary |
| 3  |    | dismissal. |
| 4  | 2. | Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there |
| 5  |    | is no just reason to delay entry of judgment. |
| 6  | 3. | The Clerk of the Court be directed to terminate Defendant Bonfare Markets, Inc. |
| 7  |    | dba Bonfare Market #43 only on the docket; |
| 8  | 4. | Defendants Sameer Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc. |
| 9  |    | be found and declared to be in violation of Title III of the Americans with |
| 10 |    | Disabilities Act; |
| 11 | 5. | Defendants Sameer Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc. |
| 12 |    | be ordered to make the following modifications to the facility known as Bonfare |
| 13 |    | Market #43, located at 145 North Santa Cruz Avenue, Modesto, CA, such that each |
| 14 |    | item is brought into compliance with the accessibility requirements of the |
| 15 |    | Americans with Disabilities Act and California Code of Regulations, Title 24, as |
| 16 |    | follows: |
| 17 |    | a)   Provide a properly configured van-accessible parking stall with an |
| 18 |    | adjacent access aisle; and |
| 19 |    | b)   Provide a properly configured accessible route of travel from the |
| 20 |    | designated accessible parking stall to the Facility entrance. |
| 21 | 7. | Judgment be entered in Plaintiff's favor and against Defendants Sameer |
| 22 |    | Abdulwahid Nagi, Sanaa A. Obaid, and Stop ' N ' Save, Inc. in the amount of |
| 23 |    | $3,502.74, consisting of: attorney's fees in the amount of $1,500.00 (5 hours at |
| 24 |    | $300 per hour), paralegal fees in the amount of $770.50 (6.7 hours at $115.00 per |
| 25 |    | hour), and costs of suit in the amount of $1,232.24; |
| 26 | 8. | Plaintiff is HEREBY ORDERED to mail a copy of these findings and |
| 27 |    | recommendations to each of the Defendants at that Defendant's last known |
| 28 |    | address. |

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 9, 2023**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE